IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 20-10042-tmd |
| | § | |
| SILICON HILLS CAMPUS, LLC, | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |
| | § | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WC HIRSHFELD MOORE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10247 (JTD)<br><br>Jointly Administered[1] |

**JOINT MOTION FOR ENTRY OF AN ORDER TRANSFERRING VENUE
OF CASES OF DEBTOR'S AFFILIATES FROM THE UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE TO THE UNITED
STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS**

Tuebor Reit Sub LLC ("**Secured Lender**"), Ladder Capital Finance LLC ("**Ladder**"), and the following entities that have pending chapter 11 cases in the United States Bankruptcy Court for the District of Delaware — WC Hirshfeld Moore, LLC, WC 103 East Fifth, LLC, WC 320 Congress, LLC, WC 422 Congress, LLC, WC 805-809 East Sixth, LLC, WC 901 East Cesar Chavez, LLC, WC 1212 East Sixth, LLC, and WC 9005 Mountain Ridge, LLC (the "**Delaware Affiliated Debtors**," and collectively with Secured Lender and Ladder, "**Movants**")— hereby jointly move, pursuant to 28 U.S.C. §§ 1408 and 1412 and Rule 1014 of the Federal Rules of

---

[1] The Debtors in those chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: WC Hirshfeld Moore, LLC (8478); WC 103 East Fifth, LLC (3638); WC 320 Congress, LLC (0667); WC 422 Congress, LLC (7328); WC 805-809 East Sixth, LLC (9019); WC 901 East Cesar Chavez, LLC (2657); WC 1212 East Sixth, LLC (1287); and WC 9005 Mountain Ridge, LLC (8534)

72299201.3

72299201.4

Bankruptcy Procedures (the "**Bankruptcy Rules**"), for entry of an order transferring venue of Delaware Affiliated Debtors' eight pending chapter 11 bankruptcy cases, which were filed on February 3, 2020 in the United States Bankruptcy Court for the District of Delaware (collectively, the "**Delaware Cases**")[2] to the United States Bankruptcy Court for the Western District of Texas (the "**Austin Bankruptcy Court**"). In support of this Motion, Movants respectfully state as follows.

## JURISDICTION

1. The United States Bankruptcy Court for the Western District of Texas has jurisdiction to consider this matter under 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings* from the United States District Court for the Western District of Texas, dated as of October 4, 2013. This is a core proceeding under 28 U.S.C. § 157(b).

## BACKGROUND

### I. Bankruptcy Petitions filed by the Texas Debtors

2. On January 7, 2020 (the "**Silicon Petition Date**"), Silicon Hills Campus, LLC filed a voluntarily petition for relief (the "**Silicon Petition**") with this Court commencing Case No. 20-10042 under chapter 11 of the Bankruptcy Code (the "**Silicon Chapter 11 Case**").

3. In addition to the Silicon Chapter 11 Case, the following six bankruptcy cases (collectively with the Silicon Chapter 11 Case, the "**Texas Cases**"), filed by affiliates of the Debtor

---

[2] The Delaware Cases, and the Debtors in those cases (collectively, the "**Delaware Affiliated Debtors**"), are: WC Hirshfeld Moore, LLC (20-10247-JTD); WC 103 East Fifth, LLC (20-10248-JTD); WC 320 Congress, LLC (20-10249-JTD); WC 422 Congress, LLC (20-10250-JTD); WC 805-809 East Sixth, LLC (20-10251-JTD); WC 901 East Cesar Chavez, LLC (20-10252-JTD); WC 1212 East Sixth, LLC (20-10253-JTD); and WC 9005 Mountain Ridge, LLC (20-10254-JTD).

2

(collectively with the Debtor, the "**Texas Debtors**"), are pending in the Western District of Texas before this honorable Court:

Texas Cases

| Case Name | Case Number | Date Petition Filed |
|---|---|---|
| 900 Cesar Chavez, LLC | 19-11527-tmd | 11/04/2019 |
| 905 Cesar Chavez, LLC | 19-11528-tmd | 11/04/2019 |
| 5th and Red River, LLC | 19-11529-tmd | 11/04/2019 |
| 7400 South Congress, LLC | 19-11530-tmd | 11/04/2019 |
| WC 56 East Avenue, LLC | 19-11649-tmd | 12/02/2019 |
| WC 2101 W Ben White, LP | 20-10182-tmd | 02/04/2020 |

## II. Loan History of the Delaware Affiliated Debtors

4. On or about July 9, 2018, Ladder made a $47,614,000.00 loan (the "**Austin IV Loan**") to the Delaware Affiliated Debtors.

5. The Austin IV Loan is evidenced by certain loan documents and agreements, including, but not limited to, a loan agreement, promissory note and various deeds of trust. All of such documents and agreements executed in connection with the Austin IV Loan, as the same have been modified from time to time, are sometimes referred to in this Motion collectively as the **"Austin IV Loan Documents."** All of the properties for which deeds of trust relating to the Austin IV Loan were executed are referred to herein collectively as the "**Austin IV Property**."

6. On January 7, 2020, Ladder sent a letter to the Delaware Affiliated Debtors stating that it was exercising its right to accelerate all amounts due and owing under the Austin IV Loan Documents. Ladder also initiated non-judicial foreclosure proceedings against each respective Austin IV Property and scheduled foreclosure sales of each respective Austin IV Property for February 4, 2020.

### III. Bankruptcy Petitions of the Delaware Affiliated Debtors

7. On February 3, 2020 (the "**Delaware Petition Date**"), each of the Delaware Affiliated Debtors filed a voluntarily petition for relief (the "**Delaware Petitions**") under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware commencing the Delaware Cases. Copies of the Delaware Petitions are attached hereto as group **Exhibit A**.

8. The Delaware Petitions state that (a) the Delaware Affiliated Debtors' principal place of business is located at 814 Lavaca Street, Austin, Texas, (b) each of the Delaware Affiliated Debtors' principal assets are located in Austin, Texas, and (c) the Delaware Affiliated Debtors are each a "Single Asset Real Estate" business.[3] (Ex. A, at 1-2.)

9. The Delaware Petitions further state that the Delaware Affiliated Debtors are affiliates of the Texas Debtors, in that each of the Delaware Petitions disclose the Texas Cases and identify them as cases filed by affiliates. (Ex. A, at 5).

10. The limited liability company consent agreements resolving to file the Delaware Petitions are attached thereto and signed by Natin Paul, both as President of WC Austin Equity IV, LLC, the sole member of each of the Delaware Affiliated Debtors, and as President of World Class IX Holdings, LLC, the sole manager of each of the Delaware Affiliated Debtors. (*Id.*, at 6-9.)

---

[3] Bankruptcy Code section 101(51B) defines "Single Asset Real Estate" as "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto." 11 U.S.C. § 101(51B).

11. The Consolidated Corporate Ownership Statement attached to the Delaware Petitions discloses that 100% of the membership interests of each of the Delaware Affiliated Debtors are owned by WC Austin IV Equity, LLC. (*Id.*, at 15.)

12. The list of creditors with the 20 largest unsecured claims attached to the Delaware Petitions identifies a total of 12 creditors, seven of which are located in Austin, Texas, and none of which is located in Delaware. (*Id.*, at 12-14.)

13. In addition to the Delaware Petitions, on February 4, 2020 the Delaware Affiliated Debtors also filed: (i) a motion for an order directing joint administration (which was subsequently granted by the Court); (ii) a motion for authorization to file a consolidated list of creditors; and (iii) a motion to extend the time to file schedules, Statements of Financial Affairs and their initial report on entities in which they hold a controlling or substantial interest. The latter two items remain pending.

## IV. Motion to Transfer and Order to Show Cause

14. On February 10, 2020, this Court issued an Order to Show Cause Why Affiliate Cases Filed in Delaware Should Not Be Transferred to the Western District of Texas (Dkt. No. 46) (the "**OSC**").

15. The OSC stayed all proceedings in the Delaware Cases and ordered the Debtor and the Delaware Affiliated Debtors to appear and show cause why the Delaware Cases should not be transferred to this Court. (OSC, at 2).

16. Counsel for the Delaware Affiliated Debtors thereafter conferred with counsel for Ladder and agreed to stipulate to the transfer of venue of the Delaware Affiliated Debtors to the Austin Bankruptcy Court. Counsel for the Delaware Affiliated Debtors then notified this Court that the parties intended to submit a stipulation for transfer of the Delaware Cases. This Court

thereafter notified counsel for Ladder and counsel for the Delaware Affiliated Debtors that they should file a joint motion requesting transfer of the Delaware Cases by February 18, 2020 and that this Court would hold a status conference on that motion at a hearing on February 19, 2020. Ladder and the Delaware Affiliated Debtors are thus submitting this joint motion requesting the transfer.

## REQUEST FOR RELIEF

17. Through this Motion, Movants seek entry of an order transferring each of the Delaware Affiliated Debtors' Chapter 11 Cases from the Delaware Court to the Austin Bankruptcy Court.

## BASIS FOR RELIEF

18. The statute governing the venue of bankruptcy cases provides, in relevant part, that:

> a case under title 11 may be commenced in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408. "The statute is written in the disjunctive making venue proper in any of the listed locations." *In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008).

19. Although venue may be proper in any of the locations listed in 28 U.S.C. § 1408(1), courts have authority under 28 U.S.C. § 1412 to "transfer a case or proceeding under title 11 to a

6

72299201.4

district court for another district, *in the interest of justice or for the convenience of the parties*." 28 U.S.C. § 1412 (emphasis added); *see also* Fed. R. Bankr. Pro. 1014.

20. Because 28 U.S.C. § 1412 is written in the disjunctive, it "creates two distinct analytical bases upon which the transfer of venue may be grounded." *In re Qualteq, Inc.*, No. 11-12572 (KJC), 2012 WL 527669 at *6 (Bankr. D. Del. Feb. 16, 2012) (citations omitted).

21. A court has discretion to transfer venue if either the interests of justice or the convenience of the parties warrants transfer. *See Qualteq*, 2012 WL 527669, at *6. The exercise of that discretion is based upon an individualized case by case analysis of convenience and fairness. *See Enron*, 274 B.R. at 342. The standard is the same whether transfer is being considered under Rule 1014(a) or (b). Fed R. Bankr. P. 1014(a), (b).

22. Courts in this Circuit have observed that "[i]n cases involving affiliated debtors, courts often consider whether the intertwined relationship of debtors requires proceedings in one district." *In re Red Door Prop. Mgmt. LLC*, No. 11-02704-KMS, 2011 WL 5592910, at *5 (Bankr. S.D. Miss. Nov. 16, 2011) (internal citations omitted).

23. The party seeking to transfer venue bears the burden of proof. *In re DBSI, Inc.*, 478 B.R. 192, 194 (Bankr. D. Del. 2012); *In re Caesars Entm't Operating Co., Inc.*, Case No. 15-10047 (KG), 2015 WL 495259, at *5 (Bankr. Del. Feb. 2, 2015) ("In a traditional Section 1412 analysis, *i.e.* where a debtor initiates a voluntary bankruptcy proceeding and a party in interest moves to transfer venue, the burden is on the movant to demonstrate that the court should transfer the case in the interest of justice or for the convenience of the parties."); *see also In re Cole*, No. 08-30725-HDH-11, 2008 WL 2857118, at *1 (Bankr. N.D. Tex. July 21, 2008).

24. "The 'interest of justice' component of [28 U.S.C.] § 1412 is a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness . . . ." *In re Patriot Coal Corp.*, 482 B.R. 718, 739 (Bankr. S.D.N.Y. 2012) (citing *Gulf States Exploration Co. v. Manville Forest Prod. Corp. (In re Manville Forest Prod. Corp.)*, 896 F.2d 1384, 1391 (2d Cir.1990)).

25. Transferring venue in the "interest of justice" is warranted for avoiding not only "redundant litigation and inconsistent decisions, but also the attendant waste of resources and increased administrative expenses that would reduce the property available for distribution to creditors." *See, e.g.*, *In re Raytech Corp.*, 222 B.R. 19, 24 (Bankr. D. Conn. 1998).

26. Additionally, courts considering transferring venue "for the convenience of the parties" evaluate:

   a. the economic administration of the estate;

   b. the location of the debtor's assets;

   c. the proximity of creditors;

   d. the proximity of the debtor;

   e. the proximity of witnesses who are necessary to the administration of the estate; and

   f. the necessity for ancillary administration in the event of liquidation.

*Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co. (In re Commonwealth Oil Refining Co.)*, 596 F.2d 1239, 1247 (5th Cir. 1979). *Accord In re Caesars Entm't Operating Co., Inc.*, Case No. 15-10047 (KG), 2015 WL 495259, at *6 (Bankr. Del. Feb. 2, 2015); *Enron*, 274

B.R. at 343; *Qualteq*, 2012 WL 527669, at *5; *In re Innovative Commc'n Co., LLC*, 358 B.R. 120, 126 (Bankr. D. Del. 2006).

27. Here, the Delaware Affiliated Debtors and the Lender, the principal parties involved in the Delaware Cases, have agreed to the transfer. While the Delaware Affiliated Debtors believe that Delaware is an appropriate venue for their cases, the Delaware Affiliated Debtors have consented to the transfer to avoid resource-consuming litigation on the subject of venue. Ladder submits, as it asserted in its motion to transfer filed in the Delaware Cases and based on the facts as noted above, that the interests of justice and the convenience of the parties also support a transfer in these circumstances.

## NOTICE

28. Pursuant to Bankruptcy Rule 1014, notice of this Motion has been provided to the Texas Debtors, Delaware Affiliated Debtors, and the United States Trustee. Movants submit that such notice satisfies the requirements of Bankruptcy Rule 1014.

## CONCLUSION

29. The Delaware Affiliated Debtors stipulate to transfer venue to the Austin Bankruptcy Court and have agreed to the relief requested in this Motion. As noted above, Ladder has taken the position that the interests of justice and convenience of the parties support the Court's exercise of discretion to transfer the Delaware Cases to this Court.

**WHEREFORE**, Movants respectfully request that the Court enter an order, pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014(b), transferring each of the Delaware Affiliated Debtors' Chapter 11 cases to this Court and for such other relief as the Court deems just and equitable.

72299201.4

Dated: February 18, 2020 Respectfully submitted,

| | |
|---|---|
| */s/ Liz Boydston* <br> James H. Billingsley (SBN 00787084) <br> Liz Boydston (SBN 24053684) <br> Savanna Barlow (SBN 24109617) <br> POLSINELLI <br> 2950 N. Harwood Street, Suite 2100 <br> Dallas, Texas 75201 <br> Telephone: (214) 397-0030 <br> jbillingsley@polsinelli.com <br> lboydston@polsinelli.com <br> sbarlow@polsinelli.com <br><br> COUNSEL FOR <br> TUEBOR REIT SUB, LLC <br> -and- <br> LADDER CAPITAL FINANCE LLC | */s/ Daniel P. Winikka* <br> Daniel P. Winikka (Texas Bar No. 00794873) <br> danw@lfdslaw.com <br> Tyler M. Simpson (Texas Bar No. 24066091) <br> tylers@lfdslaw.com <br> LOEWINSOHN FLEGLE DEARY SIMON LLP <br> 12377 Merit Drive, Suite 900 <br> Dallas, Texas 75251 <br> Telephone: (214) 572-1700 <br> Fax: (214) 572-1717 <br><br> And: <br><br> CIARDI CIARDI & ASTIN <br> Daniel K. Astin <br> dastin@ciardilaw.com <br> Joseph J. McMahon, Jr. <br> jmcmahon@ciardilaw.com <br> 1204 N. King Street <br> Wilmington, Delaware 19801 <br> Telephone: (302) 658-1100 <br> Fax: (302) 658-1300 <br><br> Albert A. Ciardi, III, Esquire <br> aciardi@ciardilaw.com <br> Walter W. Gouldsbury, III, Esquire <br> wgouldsbury@ciardilaw.com <br> One Commerce Square, Suite 3500 <br> 2005 Market Street <br> Philadelphia, PA 19103 <br><br> PROPOSED COUNSEL FOR <br> DELAWARE AFFILIATED DEBTORS |

72299201.4

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2020, a true and correct copy of the foregoing document was electronically filed with the Court and served through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case. A copy of the foregoing was served via electronic mail on counsel for the Texas Debtors as follows:

Waller Lansden Dortch & Davis, LLP
Morris D. Weiss
Mark C. Taylor
Eric Taube
Trip Nix
Evan J. Atkinson
100 Congress Avenue, Suite 1800
Austin, Texas 78701
morris.weiss@wallerlaw.com
mark.taylor@wallerlaw.com
eric.taube@wallerlaw.com
trip.nix@wallerlaw.com

COUNSEL TO SILICON HILLS CAMPUS, LLC, 900 CESAR CHAVEZ, LLC, 5TH AND RED RIVER, LLC, 7400 SOUTH CONGRESS, LLC, AND WC 56 EAST AVENUE, LLC

Brian J. Elliott
100 E Whitestone Blvd Ste. 127
Cedar Park, Texas 78613
bje@brianelliottlaw.com

And:

Mark H. Ralston
Fishman Jackson Ronquillo PLLC
13155 Noel Road, Suite 700
Dallas, Texas 75240
mralston@fjrpllc.com

COUNSEL TO WC 2101 W BEN WHITE, LP

Daniel P. Winikka
danw@lfdslaw.com
Tyler M. Simpson
tylers@lfdslaw.com
LOEWINSOHN FLEGLE DEARY SIMON LLP

And:

CIARDI CIARDI & ASTIN
Daniel K. Astin
dastin@ciardilaw.com
Joseph J. McMahon, Jr.
jmcmahon@ciardilaw.com
1204 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 658-1100
Fax: (302) 658-1300

Albert A. Ciardi, III, Esquire
aciardi@ciardilaw.com
Walter W. Gouldsbury, III, Esquire
wgouldsbury@ciardilaw.com
One Commerce Square, Suite 3500
2005 Market Street
Philadelphia, PA 19103

PROPOSED COUNSEL FOR DELAWARE AFFILIATED DEBTORS

*/s/ Liz Boydston*
Liz Boydston

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 20-10042-tmd |
| | § | |
| **SILICON HILLS CAMPUS, LLC,** | § | |
| | § | **Chapter 11** |
| DEBTOR. | § | |
| | § | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WC HIRSHFELD MOORE, LLC, | Case No. 20-10247 (JTD) |
| Debtor. | Jointly Administered |

**ORDER GRANTING JOINT MOTION FOR ENTRY OF AN ORDER TRANSFERRING VENUE OF CASES OF DEBTOR'S AFFILIATES FROM THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE TO THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS**

This matter came before the Court upon consideration of the *Joint Motion for Entry of an Order Transferring Venue of Cases of Debtor's Affiliates from the United States Bankruptcy Court for the District of Delaware to the United States Bankruptcy Court for the Western*

72355337.1

*District of Texas* filed jointly by Tuebor REIT Sub, LLC ("**Secured Lender**"), Ladder Capital Finance LLC ("**Ladder**"), and the following entities that have pending chapter 11 cases in the United States Bankruptcy Court for the District of Delaware—WC Hirshfeld Moore, LLC, WC 103 East Fifth, LLC, WC 320 Congress, LLC, WC 422 Congress, LLC, WC 805-809 East Sixth, LLC, WC 901 East Cesar Chavez, LLC, WC 1212 East Sixth, LLC, and WC 9005 Mountain Ridge, LLC (the "**Delaware Affiliated Debtors**," and collectively with Secured Lender and Ladder, "**Movants**")—on February 18, 2020 [Docket No.\_\_] (the "**Joint Motion**"), pursuant to which Movants seek an order transferring venue of the Delaware Affiliated Debtors' eight pending chapter 11 bankruptcy cases, which were filed on February 3, 2020 in the United States Bankruptcy Court for the District of Delaware (collectively, the "**Delaware Cases**")[1] to the United States Bankruptcy Court for the Western District of Texas (the "**Austin Bankruptcy Court**"). A hearing on the Joint Motion was held on February 19, 2020.

After considering the Joint Motion and the arguments of counsel at the Hearing; and it appearing that due and proper notice of the Joint Motion and the Hearing has been provided under the circumstances; and it further appearing that good cause exists for the entry of an order granting the relief set forth herein; it is hereby:

**ORDERED** that the Joint Motion is granted as set forth herein; and it is further

**ORDERED** that any and all objections to the Joint Motion are hereby overruled; and it is further

**ORDERED** that the Delaware Cases are transferred to the Austin Bankruptcy Court.

###

---

[1] The Delaware Cases, and the Debtors in those cases (collectively, the "**Delaware Affiliated Debtors**"), are: WC Hirshfeld Moore, LLC (20-10247-JTD); WC 103 East Fifth, LLC (20-10248-JTD); WC 320 Congress, LLC (20-10249-JTD); WC 422 Congress, LLC (20-10250-JTD); WC 805-809 East Sixth, LLC (20-10251-JTD); WC 901 East Cesar Chavez, LLC (20-10252-JTD); WC 1212 East Sixth, LLC (20-10253-JTD); and WC 9005 Mountain Ridge, LLC (20-10254-JTD).

72355337.1