UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SILICON HILLS CAMPUS, LLC | § | Case No. 20-10042-tmd |
| | § | |
| Debtor | § | |

**INTERIM ORDER (I) AUTHORIZING DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

Upon consideration of the motion (the "*Motion*")[1] for entry of an interim order (this "*Interim Order*") filed by the above-captioned Debtor; and the Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

the best interests of the Debtor's estate, its creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "*Interim Hearing*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Interim Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein on an interim basis.

2. The Debtor is authorized to pay on a timely basis, in accordance with its prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtor on and after the Petition Date.

3. The Debtor shall provide an Adequate Assurance Deposit for all Utility Companies identified on **Exhibit C** to the Motion by depositing (a) $84,464.00 with Austin Energy in March and (b) $8,000.00, an amount equal to two weeks of projected amounts due to Texas Gas Services, calculated as an estimate (each, an "*Adequate Assurance Deposit*"), into a segregated bank account designated for the Adequate Assurance Deposits (the "*Adequate Assurance Deposit Account*") within 30 days of the entry of the Interim Cash Collateral Order.

4. The Debtor is authorized, but not directed, to establish new bank accounts with any bank approved by the U.S. Trustee in order to comply with this Interim Order.

5. The Adequate Assurance Deposits, in conjunction with the Debtor's ability to pay for future Utility Services in the ordinary course of business (collectively, the "*Proposed Adequate*

*Assurance*"), constitute sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

6. The Utility Companies are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on the basis of the commencement of the Chapter 11 Case or on account of any unpaid prepetition charges; or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance as a condition of the Debtor receiving such Utility Services.

7. The following Adequate Assurance Procedures are approved:

   a. Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (an "*Additional Assurance Request*") so that it is **received** by the Debtor and counsel for the Debtor, by no later than 30 days after the entry of this Interim Order (the "*Request Deadline*") at the following addresses: (i) World Class Global Business Services, 814 Lavaca St., Austin, TX 78701 (Attn: Brian Elliott); and (ii) Waller Lansden Dortch & Davis, LLP, 100 Congress Ave., Ste. 1800, Austin, TX 78701 (Attn: Morris D. Weiss).

   b. Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtor prepays for the Utility Company's services; (vi) describe any payment delinquency or irregularity by the Debtor for the postpetition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   c. Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) 20 days from the receipt of such Additional Assurance Request or (ii) 40 days from the entry of this Interim Order (collectively, the "*Resolution Period*") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company without application to or approval of the Court.

   d. The Debtor, in its sole discretion, subject to the terms of any cash collateral and debtor-in-possession financing order entered in this Chapter 11 Case (and any approved budget in connection with same), may resolve any

Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order entered in this Chapter 11 Case (and any approved budget in connection with same), provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, other forms of security, or any combination of the above, if the Debtor believes such additional assurance is reasonable. If the Debtor and requesting Utility Company resolve the Additional Assurance Request, the Debtor may, by mutual agreement with the requesting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense.

e.  If the Debtor determines that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request during the Resolution Period, then during or immediately after the Resolution Period, the Debtor will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "***Determination Hearing***"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f.  Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g.  Other than through the Objection Procedures set forth below, any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

The following Objection Procedures are approved:

a.  A Utility Company that desires to object to the Adequate Assurance Procedures must file an objection (a "***Procedures Objection***") with the Court and serve such Procedures Objection so that it is **received** by the Debtor and the Debtor's counsel within 10 days of the service of the Motion at the following addresses: (i) World Class Global Business Services, 814 Lavaca St., Austin, TX 78701 (Attn: Brian Elliott); and (ii) Waller

        Lansden Dortch & Davis, LLP, 100 Congress Ave., Ste. 1800, Austin, TX 78701 (Attn: Morris D. Weiss).

b.   Any Procedures Objection must (i) be made in writing; (ii) set forth the relevant account number(s); (iii) describe any deposits or other security currently held by the objecting Utility Company; (iv) explain whether the Debtor prepays for the Utility Company's services or what payment terms presently apply to the Debtor; and (v) explain why the objecting Utility Company believes the proposed Adequate Assurance Procedures are inadequate.

c.   The Debtor, in its sole discretion, subject to the terms of any cash collateral and debtor-in-possession financing order entered in this Chapter 11 Case (and any approved budget in connection with same), may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in their discretion, subject to the terms of any cash collateral and debtor-in-possession financing order entered in this Chapter 11 Case (and any approved budget in connection with same), provide a Utility Company with assurance of future payment, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such assurance of payment is reasonable. If the Debtor and objecting Utility Company resolve the Procedures Objection, the Debtor may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the objecting Utility Company's estimated two-week utility expense.

d.   If the Debtor determines that a Procedures Objection is not reasonable and are not able to reach a prompt alternative resolution with the objecting Utility Company, the Debtor will promptly request a hearing before the Court to determine the Procedures Objection (a "***Procedures Objection Hearing***").

e.   Pending the resolution of a Procedures Objection at a Procedures Objection Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Procedures.

f.   Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

4819-1021-1764.5-1021-1764.4

5

7. The Debtor may supplement the Utility Companies List without further order of the Court if any Utility Company has been inadvertently omitted from the Utility Companies List (the "***Additional Utility Company***"), and the Debtor will as soon as reasonably practicable file with the Court an amendment to **Exhibit C** to the Motion adding the name of any Additional Utility Company (the "***Supplement***"). The Debtor will then serve by email or by facsimile transmission (or, where the Debtor does not have the email address or fax number of a Utility Company, by First Class Mail) a copy of the Motion and this Interim Order on any Additional Utility Company.

8. Any Additional Utility Company is subject to the terms of this Interim Order, including the Adequate Assurance and Objection Procedures. Any Additional Utility Company shall have 30 days from the date of service of the Motion and this Interim Order to make an Additional Assurance Request as outlined above. The Additional Utility Company shall serve a Procedures Objection as outlined above. Should any Additional Utility Company be added to the Utility Companies List, the Debtor will not be required to increase the amounts of deposit in the Adequate Assurance Deposit Account.

9. No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures or the Objection Procedures, (b) by mutual agreement of the Debtor and the applicable Utility Company, or (c) by further order of the Court. If the Debtor fails to pay for any legitimate postpetition Utility Services when due, a Utility Company may access only that portion of the Adequate Assurance Deposit owing to it in the Adequate Assurance Deposit Account.

10. The Debtor shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Interim Order.

11. Nothing in the Motion or this Interim Order, including the Debtor's payment of any claims pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, or a waiver of the Debtor's right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

12. Nothing contained herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Companies List.

13. Within three business days of the date of this Interim Order, the Debtor shall serve a copy of this Interim Order and the Motion on each Utility Company identified on the Utility Companies List, and within three business days of filing the Supplement, the Debtor shall serve a copy of this Interim Order and the Motion on any Additional Utility Company.

14. Notwithstanding anything to the contrary herein, nothing in this order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to the Motion shall be made only to the extent authorized under the cash collateral and debtor-in-possession financing budget approved by the Court in effect as of the time such payment is to be made.

15. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

16. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

18.     The Final Hearing with respect to the Motion shall be held on _____, 2020, at __:__ _.m. prevailing Central Time, at the Homer J. Thornberry Federal Judicial Bldg., 903 San Jacinto Blvd., Courtroom #1, Austin, Texas 78701. Any objections or responses to the Motion shall be filed on or before_____, 2020, and served on the parties, as required by the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Texas.

19.     The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Interim Order.

### # # #

Prepared and submitted by:

WALLER LANSDEN DORTCH & DAVIS, LLP
Morris D. Weiss
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Morris.Weiss@wallerlaw.com

*Proposed Attorneys for the Debtor and
Debtor in Possession*

4819-1021-1764.5-1021-1764.4

8