**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 26, 2020.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SILICON HILLS CAMPUS, LLC | § | Case No. 20-10042-tmd |
| | § | |
| Debtor | § | |

### SECOND INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL AMD DIRECTING PAYMENT OF REAL PROPERTY TAXES

CAME ON FOR CONSIDERATION on March 23, 2020 the *Motion for Authority to Use Cash Collateral on an Interim and Final Basis* (the "***Motion***"[1]) filed by Silicon Hills Campus, LLC (the "***Debtor***") pursuant to Sections 105(a), 363(b) and 507(a) of title 11 of the United States Code (the "***Bankruptcy Code***") in the above-referenced bankruptcy case.

The Court finds that due and adequate notice of the Motion was provided the secured lender(s), the twenty largest unsecured creditors, all parties requesting notice, and the United States Trustee.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

4813-4791-4936.1

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Court further finds that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court further finds that venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

Nothing in this order is deemed a finding whether pre-petition or post-petition cash in the Debtor's accounts, wherever located or situated, is the cash collateral of any alleged pre-petition secured party. However, all parties reserve all rights with respect to their rights and claims to the Cash Collateral and other collateral.

The Debtor has represented to the Court that the relief requested in the Motion is necessary to the Debtor's reorganization efforts, as the limited use of cash collateral for reasonable and necessary expenses in the Debtor's business judgment is essential to the continuing business operations and the Debtor's ability to reorganize.

It is therefore

**ORDERED** that the Motion is **GRANTED** as set forth herein. It is further

**ORDERED** that pursuant to this Order, the Debtor is authorized to use the Cash Collateral, as defined in the Motion, for payment of real property taxes currently due and owing by Debtor, along with other amounts specifically authorized herein, and it if further

**ORDERED** that such payment of taxes shall be made from the Condemnation Proceeds from Probate Court No. 1, Travis County, Texas, and paid directly to the appropriate taxing authorities, and the Clerk of such Court is authorized to pay such amounts directly to the Travis County Tax Office, and remit the remaining amounts to the Debtor, c/o its counsel, Mark Taylor, Waller Lansden Dortch & Davis LLP, 100 Congress Ave., Suite 1800, Austin, Texas 78701. And it is further

4813-4791-4936.1

ORDERED that the Debtor is authorized to withdraw all remaining funds from the Condemnation Proceeds from Probate Court No. 1, Travis County, Texas (the "Condemnation Proceeds"), and shall place such funds in a segregated debtor-in-possession bank account and shall not use such funds without further order of this Court, except that Debtor may receive or pay the following:

a. Debtor may utilize $176,703.91 to pay the City of Austin for amounts currently due for utilities and the utility deposit required by the City of Austin;

b. Utilities for the City of Austin due in April, 2020, in the amount invoiced, with the invoice to be provided to counsel for Tuebor REIT Sub, LLC (the "Lender") prior to payment;

c. Insurance installment due for March 2020 in the amount of $34,405.80;

d. Insurance installments due for coverage through May 2020 with the invoice to be provided to counsel for the Lender prior to payment;

e. Reimbursement to Debtor affiliates' postpetition payment of the following amounts:

   a. Insurance payments made for January and February, 2020, in the amounts of $29,714.10 and $32,841.90

   b. Utility payment of $74,893.93 made to the City of Austin

   c. To the extent that Debtor is required to fund any of the items in (a)-(d) above prior to receipt of the Condemnation Proceeds, Debtor is authorized to use such proceeds to reimburse itself or the affiliate payor for any amounts actually paid, subject to Debtor providing proof of payment to the Lender.

It if further

4813-4791-4936.1

ORDERED that a further hearing is set on the Motion for April 27, 2020 at 1:30 p.m. via telephone conference; dial in number: (877) 873-8018; access code: 7700035.

**ORDERED** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### ###

Agreed:

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ Mark C. Taylor
 Mark C. Taylor (Bar No. 19713225)
 Eric J. Taube (Bar No. 19679350
 100 Congress Avenue, Suite 1800
 Austin, Texas 78701
 (512) 685-6400
 (512) 685-6417 (FAX)
 Email: mark.taylor@wallerlaw.com
   Eric.taube@wallerlaw.com

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

POLSINELLI

By: /s/ Liz Boydston
 James H. Billingsley
 State Bar No. 00787084
 jbillingsley@polsinelli.com
 Liz Boydston
 State Bar No. 24053684
 lboydston@polsinelli.com
 Savanna Barlow
 State Bar No. 24109617
 sbarlow@polsinelli.com
 2950 N. Harwood Street, Suite 2100
 Dallas, Texas 75201
 Telephone: (214) 397-0300

ATTORNEYS FOR TUEBOR REIT SUB, LLC

4813-4791-4936.1