IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 20-10042-tmd |
| | § | |
| SILICON HILLS CAMPUS, LLC, | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |
| | § | |

**ATX DEBT FUND 1, LLC'S RESPONSE IN
OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER
ORDER GRANTING ATX DEBT FUND 1'S MOTION TO RECONSIDER**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

ATX Debt Fund 1, LLC (the "**Secured Lender**") files this Response ("**Response**") in opposition to *Debtor's Motion to Reconsider Order Granting ATX Debt Fund 1, LLC's Motion to Reconsider* [Dkt. No. 324] ("**Motion**") the Court's *Order Granting Motion to Reconsider* [Dkt. No. 312] and *Amended Order Granting Motion to Quash Debtor's Proposed Rule 2004 Examination* [Dkt. No. 313] (collectively, the "**Rule 2004 Order**s"). In support of its Response, Secured Lender states as follows:

**INTRODUCTION**

1. As predicted, Debtor's Motion is yet another example of the very type of harassment Secured Lender was trying to avoid by seeking to quash Debtor's request for a Rule 2004 examination. Debtor's Motion seeks yet another reconsideration of the issue the court has already considered, reconsidered, and decided.

2. Debtor had ample opportunity to present its arguments with respect to the Rule 2004 Orders at a hearing and failed to carry its legal burden of showing good cause for the production of information and documents related to the ownership and beneficial ownership of Secured Lender. Debtor's Motion fails again.

77327173

3. Now, weeks later, Debtor advances an unsubstantiated reason why this information is allegedly necessary and seeks reconsideration of an issue the Court has thoroughly considered and decided.

4. Debtor filed its *Notice of Intent to Conduct Rule 2004 Examination of Corporate Representative of ATX Debt Fund 1, LLC* [Dkt. No. 291] (the "**2004 Examination Request**") on February 5, 2021, making requests for documents and information of Secured Lender that were harassing, burdensome, costly, and onerous in nature. The 2004 Examination Request was also impermissibly broad, seeking information completely unrelated to the pertinent areas of inquiry established by Rule 2004 and relevant case law. In response, Secured Lender filed a *Motion to Quash Debtor's Proposed Rule 2004 Examination* [Dkt. No. 293] (the "**Motion to Quash**") and filed a motion requesting an expedited hearing of the Motion to Quash.

5. Under applicable bankruptcy law, upon Secured Lender's filing of its Motion to Quash, Debtor was required to make an affirmative showing of good cause for the information requested. Without a hearing, and without a response from Debtor showing good cause for the requested information, the Court entered an order granting the Motion to Quash in part as to certain requests of Debtor and denying the Motion to Quash as to information and documents related to the ownership and beneficial ownership of Secured Lender.

6. Secured Lender respectfully sought reconsideration of the Court's order denying the Motion to Quash in part, as Debtor did not show good cause for the production of the information requested. Debtor filed a response to Secured Lender's motion for reconsideration, alleging grounds to attempt to show good cause for this information. At the hearing on February 26, 2021, the Court gave Debtor ample opportunity to present any basis for requiring the production of information relating to the ownership and beneficial ownership of Secured Lender.

77327173

Debtor failed to carry its burden, and the Court entered the Rule 2004 Orders, quashing the 2004 Examination Request in its entirety.

7. Without any legal basis, Debtor now wants yet another bite at the apple, seeking reconsideration of the Rule 2004 Orders. The Court has already given due consideration to this matter, and should not allow Debtor to continue to use Rule 2004 as a method of harassing Secured Lender. Accordingly, the Court should deny Debtor's Motion and uphold the Rule 2004 Orders.

## ARGUMENT

8. Debtor's Motion argues that reconsideration of the Rule 2004 Orders under Rule 60 of the Federal Rules of Civil Procedure is necessary to "accomplish justice" because: (i) alleged potential refinance sources want to know who the ultimate holder of the debt is, and (ii) it is possible that the beneficial owners of Secured Lender are party to a non-disclosure agreement with Debtor or its affiliates. However, Debtor still fails to demonstrate how either of these things constitutes "good cause" for requiring the production of information related to Secured Lender's beneficial ownership under Rule 2004. These alleged reasons for needing information on Secured Lender's beneficial ownership are purely speculative and do not establish a concrete link between this information and the **Debtor's** acts, conduct, financial affairs, or the administration of Debtor's estate.

9. Rule 2004 requires the Court to balance the competing interests of the parties, weighing the relevance and necessity of the information sought by examination. *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991). Relevance alone does not demonstrate that there is good cause for requiring production of documents and information. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991); *see also*

77327173

*Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) ("The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant….").

10. A Rule 2004 exam may only be had with respect to a person's "knowledge of a ***debtor's*** *acts, conduct or financial affairs* so far as this relates to a debtor's proceeding in bankruptcy." *In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr. D. Mass. 1983) (emphasis added). "It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). Secured Lender's private business affairs have absolutely no connection to *Debtor's* acts, conduct, financial affairs, or the administration of Debtor's estate.

11. In its Motion, Debtor alleges that "potential refinance sources have inquired" about who the current lender is, as these sources may have a relationship with Secured Lender that conflicts with their ability to refinance the debt. As this Court is aware, Debtor has been allegedly speaking to potential refinance sources for at least the past two years, and has never identified a single potential refinance source. Yet, now that Debtor seeks information about Secured Lender's private business affairs, Debtor suddenly has multiple refinance sources, who all happen to want the very information that Debtor seeks. Debtor has had ample time to secure refinancing; it is absurd to now suggest that not knowing Secured Lender's beneficial ownership is hampering its ability to refinance. Over the course of this bankruptcy case, Debtor has entirely failed to present evidence showing reasonable prospects of obtaining refinancing. Secured Lender should not be required to disclose its beneficial ownership based on a hypothetical scenario created by Debtor for the sole purpose of accessing this information.

77327173

12. Debtor also alleges that it or someone else might be a party to a non-disclosure agreement with the beneficial owners of Secured Lender. Again, the Court should not require Secured Lender to disclose its beneficial ownership information based on a hypothetical scenario created by Debtor weeks after the Debtor was given an opportunity to allege good cause for the information sought. Neither Secured Lender nor its beneficial owners are parties to a non-disclosure agreement with Debtor. Debtor is grasping at straws to create some alleged nexus between Secured Lender's beneficial ownership and the administration of Debtor's estate. If Debtor is truly concerned about enforcement of its contractual rights pursuant to any non-disclosure agreements that it has entered, then there are other avenues to enforce those rights. Rule 2004 is not the appropriate vehicle to obtain information regarding contractual rights that have no bearing on the bankruptcy case or the administration of Debtor's estate.

13. Simply put, Debtor is **not** entitled to documents or information related to Secured Lender's private business affairs. Debtor will not suffer any hardship or injustice if it is not allowed to discover the owners and beneficial owners of Secured Lender, because this information does not concern Debtor at all. All providing this information does is allow Debtor's control persons and affiliates to harass Secured Lender and to encourage delay tactics. Vexatious harassment and sharp litigation practice has, regrettably, been a pattern of conduct by Debtor's principals and affiliates in this case and other related bankruptcy cases. Secured Lender seeks to prevent further abuse of a similar nature by requesting the Court to deny Debtor's Motion and uphold its Rule 2004 Orders.

## CONCLUSION

14. Debtor has still failed to carry its legal burden to demonstrate good cause for the production of information and documents related to the ownership and beneficial ownership of

77327173

Secured Lender. The scope of the 2004 Examination Request is inappropriate, as it does not relate to Secured Lender's knowledge of ***Debtor's*** acts, conduct or financial affairs. Nothing in the Debtor's Motion changes the Court's prior conclusion. In light of this, the Court should deny Debtor's Motion and uphold its Rule 2004 Order.

Dated: March 26, 2021

Respectfully submitted,

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Savanna Barlow (SBN 24109617)
POLSINELLI
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
lboydston@polsinelli.com
sbarlow@polsinelli.com

COUNSEL FOR
ATX DEBT FUND 1, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2021, a true and correct copy of the foregoing document was electronically filed with the Court and served through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

*/s/ Liz Boydston*

77327173